# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 8252 | **DATE** | 7/2/2002 |
| **CASE TITLE** | USA vs. Alton Mills | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: The motion to alter or amend our judgment (52-1) or, in the alternative, to issue a certificate of appealability is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 3 2002 date docketed | 58 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 7/2/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ALTON MILLS,  )
             )
  Petitioner, )
             )
v.           )  Case No. 98 C 8252
             )
UNITED STATES OF AMERICA,  )
             )
  Respondent. )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Alton Mills filed a petition pursuant to 28 U.S.C. § 2255 asking this court to vacate, set aside, or correct the sentence it imposed upon his conviction for various federal drug offenses. Citing the Supreme Court's decision in *Apprendi v. United States*, 530 U.S. 466 (2000), Mills correctly claimed that the life sentence we imposed pursuant to established law at the time is unconstitutional. In our March 19, 2002 opinion, however, we determined that he had missed the one-year deadline governing habeas petitions, and that he was not entitled to an extension of the limitations period under 28 U.S.C. § 2255 ¶ 6(3) because the newly recognized right in *Apprendi* was not the type of "watershed rule" which required retroactive application on collateral review. Presently before us is Mills' motion to alter or amend our judgment or, in the alternative, to issue a certificate of appealability. For the reasons set forth below, the motion is denied.

Our original decision to deny Mills' petition was based in part on our belief that he had allowed the one-year statute of limitations to expire before filing his petition. The one-year period typically begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 ¶



6(1). Mills' conviction became final when the Supreme Court denied certiorari on December 15, 1997. *See United States v. Mills*, 522 U.S. 1033 (1997). Under the "anniversary rule" adopted by the Seventh Circuit in *United States v. Marcello*, 212 F.3d 1005, 1008-1010 (7th Cir. 2000), he had until December 15, 1998, to file his petition. Mills admitted, though, that he filed his petition on December 16, 1998, one day late.

Given the date of his filing, we were barred from reviewing his claim unless it fell within the extended limitations period offered under § 2255 ¶ 6(3). Under this provision, the one-year period for claims based on newly-recognized rights does not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Although *Apprendi* did announce a newly-recognized right, *see Ashley v. United States*, 266 F.3d 671, 672 (7th Cir. 2001) ("[n]o one could doubt that *Apprendi* 'newly' or 'initially' recognizes a constitutional right"), we held that it was not retroactive on collateral review. Accordingly, since Mills could not take advantage of the extended limitations period offered under § 2255 ¶ 6(3), we denied his petition as untimely.

Petitioners' counsel now informs us, and the government concedes, that Mills filed a motion to toll the one-year deadline on December 13, 1998, which we granted on January 11, 1999.[1] As such, Mills' petition is timely. Nonetheless, Mills' petition must still be denied. The subsidiary holding in our prior opinion, namely that *Apprendi* is not retroactively applicable on collateral review, now becomes the principal holding. Although Mills' petition was timely, and although he preserved his claim by raising it at sentencing and on direct appeal,[2] *Apprendi* is not the type of "watershed rule" of criminal

---

[1] We were unaware of the existence of this motion because Mills filed it under his original criminal docket number and apparently failed to inform his counsel of its existence.

[2] In its response to petitioner's motion to amend, the government reiterates its position that Mills procedurally defaulted any *Apprendi* claim by failing to raise the issue at trial or on direct appeal. We

2

procedure which requires retroactive application on collateral review. *See Teague v. Lane*, 489 U.S. 288, 311-12 (1989) (describing standards governing retroactivity).

Indeed, this question is no longer open for debate in this circuit. The Seventh Circuit recently held that *Apprendi* is not retroactive on collateral review. *See Curtis v. United States*, No. 01-2826, 2002 WL 1332817, at *2-3 (7th Cir. June 19, 2002). In light of this decision, Mills' request for a certificate of appealability on the question of whether *Apprendi* is retroactively applicable on collateral review must be denied.

The motion to alter or amend our judgment or, in the alternative, to issue a certificate of appealability, is denied.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 7/2/02

---

rejected this position in our prior decision. If the government wanted to challenge this point, it should have filed a motion to alter or amend the judgment within ten days of the entry of judgment. *See* Fed.R.Civ.P. 52(b); 59(e). Having failed to file such a motion within the allotted time, the government cannot now re-litigate the issue.

3